**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JANICE FAYETTE** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **SEARS, ROEBUCK AND CO. AND KMART CORPORATION** | **MAGISTRATE JUDGE** |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, with a full reservation of rights, Sears, Roebuck and Co. and Kmart Corporation (collectively "Defendants") remove this action bearing case number 685,989 on the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.  This Court has subject matter jurisdiction under 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is properly between citizens of different states.  A copy of this Notice of Removal is being served upon Richard P. Voorhies III, as counsel for plaintiff, and a copy of this Notice of Removal is being filed with the Clerk of Court of the 24th Judicial District Court for the Parish of Jefferson in conformity with 28 U.S.C. § 1446(d).  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders are attached hereto as Exhibit A.

Defendants respectfully submit that the grounds for removal of this action are as follows:

1

**Diversity of Citizenship under 28 U.S.C. § 1332**

**1.**

A Petition for Damages entitled "Janice Fayette v. Sears, Roebuck and Co. and Kmart Corporation" Civil Action No. 685,989 (the "Petition") was filed on April 12, 2010, in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, and is pending in that Court.

**2.**

Sears, Roebuck and Co. was served with the Petition on or about April 20, 2010.  Kmart Corporation was also served on or about April 20, 2010.

**3.**

Plaintiff, Janice Fayette, alleges in the introductory paragraph of her Petition that she is a resident of the Parish of Jefferson, State of Louisiana.  She is therefore a citizen of the State of Louisiana.

**4.**

Defendant Sears, Roebuck and Co. is a New York corporation with its principal place of business in Illinois.  Accordingly, diversity of citizenship exists between plaintiff and Sears, Roebuck and Co.

**5.**

Defendant Kmart Corporation is a Michigan corporation with its principal place of business in Illinois.  Therefore, there is also diversity of citizenship between plaintiff and Kmart Corporation.

PD.4041222.1

## Amount in Controversy Requirement under 28 U.S.C. § 1332

### 6.

The Petition alleges that plaintiff was injured when "plaintiff, while shopping in [a Kmart] store fell."  Petition, ¶ 3.

### 7.

The Petition does not specify whether plaintiff's alleged damages were in excess of or below the federal jurisdictional amount.

### 8.

The Petition does not describe the nature of plaintiff's injuries, except to claim that she "suffered severe and disabling injuries."  Petition, ¶¶ 3, 5.

### 9.

The Petition additionally alleges that Defendants are liable for "past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, medical expenses, loss of earnings, future loss of earning capacity, and permanent disability of the body, loss of consortium with legal interest thereon . . . ."  Petition, ¶ 2.

### 10.

On May 19, 2010, Kmart Corporation served plaintiff with the following Request for Admission:

> Admit that you will not seek nor will you execute on any judgment or judgments rendered in her favor against Kmart Corporation and/or Sears, Roebuck and Co. in excess of $75,000, exclusive of interest and costs.

A true and correct copy of Kmart Corporation's Requests for Admission are attached hereto as Exhibit B.

PD.4041222.1

**11.**

On June 2, 2010, plaintiff responded to this Request for Admission by stating, "Denied." A true and correct copy of plaintiff's responses to Kmart Corporation's Requests for Admission, including plaintiff's counsel's June 2, 2010 cover letter, are attached hereto as Exhibit C.

**Timeliness of Notice of Removal under 28 U.S.C. § 1446(b)**

**12.**

The thirty day time period for filing a notice of removal generally commences upon a defendant's receipt of the initial pleading.  28 U.S.C. § 1446(b).  However, this thirty day time period does not commence unless the plaintiff specifically alleges in that initial pleading that the damages are in excess of the federal jurisdictional amount.  *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).  If the initial pleading does not contain such an allegation, the thirty day time period instead commences upon defendant's receipt of a "copy of an amended pleading, motion, order or **other paper** from which it may be first ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b) (emphasis added).  A plaintiff's response to a defendant's Request for Admission constitutes "other paper" under § 1446(b). *Freeman v. Witco Corp.*, 984 F. Supp. 443, 447 (E.D. La. 1997).

**13.**

As stated above, the Petition does not include a specific allegation that plaintiff seeks damages in excess of the federal jurisdictional amount.  Therefore, pursuant to *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992), the thirty day time period for removal of this case did not commence until Defendants' receipt of a "copy of an amended pleading,

motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable."

**14.**

Defendants first ascertained that this action had become removable upon receipt of plaintiff's June 2, 2010 denial of Kmart Corporation's request that plaintiff admit that she would neither seek nor execute on any judgment rendered in her favor against Kmart Corporation and/or Sears, Roebuck and Co. in excess of $75,000, exclusive of interest and costs. Therefore, pursuant to 28 U.S.C. § 1446(b), Defendants have timely filed this Notice of Removal within thirty days of notice "from which it may be first ascertained that the case is one which is or has become removable."

**15.**

Because there is complete diversity of citizenship between plaintiff and Defendants and because the amount in controversy exceeds $75,000, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441.

**16.**

Concurrent with the filing of this Notice of Removal, written notice is being given to all parties, and a copy of this Notice of Removal is being filed with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

WHEREFORE, Defendants give notice that the proceeding bearing case number 685,989 on the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is removed therefrom to the docket of this Court for trial and determination as provided by law.

Defendants pray that this Court enter such orders and issue such processes as may be proper to bring before it a copy of all records and proceedings in State Court and thereupon proceed with this civil action as if it had originally commenced in this Court.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:    /s/ *Taylor P. Mouledoux*
              Neil C. Abramson, T.A. (Bar #21436)
              Taylor P. Mouledoux, (Bar #31889)
              Canal Place
              365 Canal Street • Suite 2000
              New Orleans, Louisiana 70130-6534
              Telephone: (504) 566-1311
              Telecopier: (504) 568-9130
              Email: abramson@phelps.com
                      taylor.mouledoux@phelps.com

**ATTORNEYS FOR DEFENDANTS
KMART CORPORATION AND SEARS,
ROEBUCK AND CO.**


**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that a copy of the foregoing pleading has been served upon all counsel of record via facsimile or by placing same in the United States mail, properly addressed and first class postage prepaid on this 30th day of June, 2010.

/s/ *Taylor P. Mouledoux*